UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No. |
| | ) | |
| v. | ) | 18 U.S.C. § 641 |
| | ) | (Theft of Government Property) |
| BASIT CHAUDHARY, | ) | |
| | ) | |
| Defendant | ) | |
| _____ | ) | |

PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United States of America and the defendant, BASIT CHAUDHARY, agree as follows:

1.  The defendant is entering this Agreement and is pleading guilty freely and voluntarily without promise or benefit of any kind, other than contained herein, and without threats, force, intimidation, or coercion of any kind.

2.  The defendant knowingly, voluntarily, and truthfully admits the facts contained in the attached Factual Basis for Plea.

3.  The defendant agrees to waive indictment by a grand jury and agrees to plead guilty to a single-count Information, a copy of which is attached, charging him with felony theft of government property in violation of 18 U.S.C. § 641.  The defendant admits that he is guilty of the crime charged in the Information and understands that he will be adjudicated guilty of that offense.

4.  The defendant understands the nature of the offense to which he is pleading guilty, and the elements thereof, including the penalties provided by law.  The maximum penalties for the offense are as follows:  ten years of imprisonment, a $250,000 fine, and a mandatory special assessment of $100.  The defendant understands that the Court may impose a term of supervised release to follow any incarceration, in accordance with 18 U.S.C. § 3583, and that, in this case, the authorized term of supervised release is not more than three years.  The defendant also understands that the Court may impose restitution, costs of incarceration, and costs of supervision.

5.  The defendant understands that by pleading guilty, he is waiving the following constitutional rights:  (a) to plead not guilty; (b) to be tried by a jury; (c) to be assisted at trial by an attorney, who would be appointed if necessary; (d) to confront and cross-examine witnesses against him; (e) to summon witnesses to testify for the defense; and (f) to be free from compelled self-incrimination.

6.  If the Court accepts defendant's plea of guilty and the defendant fulfills each of the terms and conditions of this Agreement, the United States agrees that it will not further prosecute the defendant for the conduct set forth in the attached Factual Basis for Plea.

7.  The parties agree that the defendant has provided the United States Department of Labor (the Labor Department) with six laptop computers that he purchased on his personal credit card as reimbursement for six laptop computers that he stole from the Labor Department, and that two additional laptop computers that he stole from the Labor Department are now in the Government's possession.

8.  The defendant agrees to make restitution to the United States in the amount of $8,069 for four additional laptop computers that he stole from the Labor Department.

9.  The defendant agrees to cooperate fully with the United State and to provide truthful and complete information to the Public Integrity Section and to any law enforcement agency working with the Public Integrity Section.  The defendant's cooperation shall include, but not be limited to, being readily available to be interviewed, providing all information in his possession relating directly or indirectly to all criminal activity related to the subject matter of this investigation, testifying before the grand jury and at any trials, and providing any documents and records in the defendant's possession or control related to any interview or testimony. .

10.  The defendant understands that the court is required to consider the United States Sentencing Guidelines (U.S.S.G. or Sentencing Guidelines) among other factors in determining the defendant's sentence.  The defendant understands, however, that the Sentencing Guidelines are only advisory, and that after considering the Sentencing Guidelines the Court may be free to exercise its discretion to impose any reasonable sentence within or up to the maximum set by statute for the offense of conviction.

11.  The United States and the defendant agree to recommend the following calculation of the defendant's offense level under the Sentencing Guidelines:  (a) base offense level of 6 under U.S.S.G. §2B1.1 (Theft); (b) four-level enhancement for amount of theft under U.S.S.G. §2B1.1(b)(1)(C); and (c) two-level enhancement for abuse of a position of trust under U.S.S.G. §3B1.3.

12.  Should the defendant comply fully with his obligations under this Agreement, including providing full, complete, and truthful cooperation as set forth in this Agreement, and

clearly demonstrate acceptance of responsibility for the instant offense, the United States agrees to recommend that the defendant receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1.  The parties agree to recommend that no other upward or downward adjustments or departures under the Sentencing Guidelines are warranted.

13.  The defendant understands that these sentencing recommendations are not binding on the Court or the Probation Office, and that he will not be entitled to withdraw his guilty plea if the Court rejects these recommendations.

14.  The United States cannot and does not make any promise or representation as to what sentence the defendant will receive or what fines or restitution, if any, the defendant may be ordered to pay.  The defendant understands that the sentence and the sentencing guidelines applicable to this case will be determined solely by the Court, with the assistance of the United States Probation Office.

15.  The United States reserves the right to allocute in all respects as to the nature and seriousness of the offense.  The attorneys for the United States will inform the Court and the Probation Office of:  (1) this Agreement; (2) the nature and extent of the defendant's activities with respect to this case; and (3) all other information in its possession relevant to sentencing.

16.  The defendant agrees that he will not seek or accept employment with the Executive Branch of the United States Government at any time.

17.  The defendant agrees to deliver to the Clerk's Office, United States District Court, prior to or at the time of the sentencing, a certified check in the amount of $100.00 to cover the special assessment, as required in Title 18, United States Code, Section 3013.

18. The defendant also agrees to provide a full and complete accounting of all assets, real or tangible, held by the defendant or for the defendant's benefit, and, to that end, to submit a standard form 500 (Financial Statement of Debtor).

19. If the defendant fails to comply with any of the terms and conditions set forth in this Agreement, the defendant will have committed a material breach of the Agreement which will release the Government from its promises and commitments made in this Agreement, and, in such an event, the Government may fully prosecute the defendant on all criminal charges that can be brought against the defendant. With respect to such a prosecution:

    a. The defendant shall assert no claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that defendant's statements pursuant to this Agreement, or any leads derived therefrom, should be suppressed or are inadmissible;

    b. The defendant waives any right to claim that evidence presented in such prosecution is tainted by virtue of the statements the defendant has made; and

    c. The defendant waives any and all defenses based on the statute of limitations with respect to any such prosecution that is not time-barred on the date that this Agreement is signed by the parties.

20. In the event of a dispute as to whether the defendant has knowingly committed any material breach of this Agreement, and if the United States chooses to exercise its rights under the preceding paragraph, and if the defendant so requests, the matter shall be submitted to the Court and shall be determined by the Court in an appropriate proceeding at which defendant's

disclosures and documents shall be admissible and at which time the United States shall have the burden to establish the defendant's breach by a preponderance of the evidence.

21.  The defendant agrees that if the Court does not accept the defendant's plea of guilty, this Agreement shall be null and void.

22.  The defendant understands that this Agreement is binding only upon the Public Integrity Section of the United States Department of Justice.  This Agreement does not bind any United States Attorney's Office, nor does it bind any state or local prosecutor.  It also does not bar or compromise any civil or administrative claim pending or that may be made against the defendant.  If requested, however, the Public Integrity Section will bring this Agreement to the attention of any prosecuting jurisdiction or government agency and ask that jurisdiction to abide by this Agreement.  The defendant understands that other prosecuting jurisdictions retain discretion over whether to abide by the provisions of this Agreement.

23.  This Agreement and the attached Factual Basis for Plea constitute the entire agreement between the United States and the defendant.  No other promises, agreements, or representations exist or have been made to the defendant or the defendant's attorneys by the Public Integrity Section of the Department of Justice in connection with this case.  This Agreement may be amended only by a writing signed by all parties.

FOR THE UNITED STATES:                          FOR THE DEFENDANT:


NOEL L. HILLMAN                                 _____
Chief                                           BASIT CHAUDHARY
Public Integrity Section                        Defendant


                                                _____
                                                Date

6

By:

_____                    _____
NANCY L. SIMMONS                              WILLIAM J. HARDY
Trial Attorney                                Counsel for the Defendant
Public Integrity Section                      Kleinfeld, Kaplan & Becker
United States Department of Justice           1140 Nineteenth Street, NW
1400 New York Avenue, NW                      Suite 900
Washington, DC  20005                         Washington, DC  20036-6606
(202) 514-1412                                (202) 223- 5120


_____                    _____
Date                                          Date